### BROOKS & MYERS *v.* GULFPORT GROCERY CO.

[77 South 657, Division A.]

1. SALES. *Question for jury.*
Where there is a conflict in the testimony offered by the plaintiff and defendant on the issue of *nil debit*, the issue should be submitted to the jury.

2. SALES. *Actions. Liability.*
In a suit for the price of feedstuff, the mere fact that a letter from the defendant to plaintiff acknowledged the indebtedness sued for and promised to pay same, was not conclusive against the defendant, under the facts herein, for the reason that if there was no liability on the part of defenadnts before the letter was written, there could be none afterwards, because of no consideration.

3. SAME.
While such a letter was competent evidence, to be considered by the jury, tending to show that defendants did purchase of, receive from, and were indebted to plaintiff in the amount sued for, yet it would not be conclusive as against the testimony of the defendants that they did not purchase or receive the bill of feedstuff from plaintiff and were not indebted to plaintiff for it.

APPEAL from the circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Suit by the Gulfport Grocery Company against Brooks & Myers. From a judgment for plaintiff, defendants appeals.

The facts are fully stated in the opinion of the court.

*A. M. Edwards,* for appellant.

The first assignment of error is that the court erred in granting a peremptory instruction for the plaintiff. We believe this assignment of error is well taken for the reason that evidently upon the evidence adduced in this case, the case should have been submitted to the jury. George W. Brooks defendant in the court below and appellant here testified that he nor his partner, Mr. Myers did not order the bill of stuff in question from the Gulfport Grocery Company, appellees; he says that Mr Turnage ordered it shipped to him and his partner, Myers, but it was to be charged to Mr. Turnage, and that he was to pay for it. He says that Brooks & Myers never got the stuff.

Mr. Myers the other defendant testified in substance to that of Mr. George W. Brooks, stating postively that the firm of Brooks & Myers, appellants did not buy nor receive the goods, and that they did not owe the debt and that the said Mr. E. H. Shelby acknowledged that he knew and understood how it was; that it was shipped to Brooks & Myers, but charged to Mr. Turnage.

We submit that if the statements of Brooks & Myers, are true then they are not liable for this indebtedness.

We now wish to call the court's attention to the letter written by George W. Brooks to the Gulfport Grocery Company a copy of which appears on Record page 24 and is in the following words and figures to wit.

Shivers, Miss., 10-12

Gulfport Gro. Co.,

Gulfport, Miss.,

GENTLEMEN:

With reference to your letter of the 8th, you need not be afraid of getting the ninety-two dollars but owing to slow collections have been unable to settle sooner but will say this will be paid in next few days.

Yours truly,

BROOKS & MYERS.

Mr. Brooks says that he wrote this letter and gives his reasons for writing it. He testified that Mr. W. C. Turnage had received a dun from the company and told him to write the letter. He said that the said company understood that he did not owe the debt, and that Mr. Turnage did owe it, because he said that he had explained to him, that is to the said Mr. Shelby at Shivers some time before; and said he did not think it would amount to anything under the circumstances, because the said company fully understood that it was not their bill.

We submit that under these circumstances the letter does not bind these appellants to pay this indebtedness, which might have been thought by plaintiff in the court below a ground for his motion for the peremtory instruction.

I submit that this case should have been submitted to the jury under proper instructions of the court; and as this was not done the judgment of the lower court should be reversed and the case remanded for a new trial.

*Fred M. Bush,* for appellee.

Peremptory instruction should have been granted. There is no issue of fact. The letter above quoted was written after the last visit of Mr. Shelby, and even

granting for the sake of argument only that there was some controversy as to who owed this debt prior to the writing of this letter, our contention is that this letter closed the matter just as effectively as would have a promissory note. We repeat that the testimony in this case is not such as to raise a question of fact, but merely an effort on the part of appellants to get away from the facts that they themselves have established.

As to the second and third assignments relied upon by appellants, we will merely say that at the trial of this cause only the plea of the general issue was filed and there can be no question raised as to correctness of amount.

There was never any complaint made by appellants of improper delivery by the railroad company. The assumption is that either the appellants or their agents got the goods. By their failure to complain they automatically deprived this appellee of the right to complain of improper delivery by the railroad company, if such there was. It will be noted that even if we accept Mr. Brooks' explanation for writing this letter, his explanation shows that he was intending to assist another to perpetrate a fraud on this appellee, in that he was trying to assist Mr. Turnage to buy in this acccount for less than it was worth.

As we have above stated, if we grant that every word of their testimony in court is true still they cannot complain, for they are faced by their own acts on every hand which condemn their words.

The case, it appears to us, was fairly tried and the decision should be affirmed.

HOLDEN, J., delivered the opinion of the court.

The appellee, Gulfport Grocery Company, recovered a judgment in the lower court for ninety-two dollars against Brooks & Myers, appellants, in a suit on an

account for a bill of feedstuff claimed to have been sold and delivered by appellee to appellants.

The appellants complain here that the lower court erred in granting a peremptory instruction to the jury to find for the plaintiff below, as there was a denial of the debt by appellants, and a conflict in the testimony introduced as to a liability on the part of appellants, and for that reason the case should have been submitted to the jury for their determination.

We shall state the substance of the testimony offered in support of the claim by the plaintiff below, and the testimony offered by the defendants as a defense in the suit.

Appellants' testimony shows that W. C. Turnage & Co., general merchants at Shivers, Miss., on the Gulf & Ship Island Railroad, ordered the bill of feedstuff here in question over the telephone on their account to be shipped to the appellants, Brooks & Myers, lumber manufacturers, a copartnership business at Shivers. Turnage & Co. handled a large per cent. of the business of appellants, and furnished them with feedstuff and other things necessary in carrying on their mill business. That appellants did not receive the feedstuff. When the bill for ninety two dollars here in question was presented for payment to the appellants, Brooks & Myers, they refused to pay it, claiming by their testimony that the Turnage Company was liable for the amount, because it was the duty of the Turnage Company, under an agreement, to furnish said feedstuff to appellants, and that appellants obtained the feedstuff from the Turnage Company, and not from appellee, and, consequently did not owe anything to appellee, as they (appellants) did not contract or purchase the feedstuff from appellee, but that the bill was shipped at the instance of the Turnage Company and should have been charged to Turnage & Co. That appellants did not receive any of the feedstuff from appellee, but that they received some of it from

Turnage & Co., and appellants were to settle with and were liable to Turnage Company for the feedstuff. The appellee contends, and shows by its testimony, that the bill of feedstuff was ordered by the appellants over the phone, and was shipped to the appellants, Brooks & Myers, and charged to Brooks & Myers. That the agent of appellee called upon Brooks & Myers for settlement of the bill, and that appellants did not deny liability. The appellee introduced in evidence a letter from Brooks & Myers, which was written some time subsequent to the date when appellee's agent had called upon Brooks & Myers for a settlement. We here quote the letter:

"Shivers, Miss., 10/12.

"Gulfport Grocery Co., Gulfport, Miss.—Gentlemen: With reference to your letter of the 8th you need not be afraid of getting the ninety-two dollars, but owing to slow collection have been unable to settle sooner but will say this will be paid in the next few days.

"Yours truly,          BROOKS & MYERS."

It is contended by the appellee that this letter is conclusive proof of the liability of the appellants for the amount in suit; that because this letter, acknowledging the indebtedness and promising to pay it, was subsequent to any controversy between the parties as to who was liable, that it could not be successsfully contradicted and overcome by testimony of appellants at the trial. The lower court seemd to have taken this view when it granted the peremptory instruction complained of.

It seems clear to us that this case should have been submitted to the jury for their determination as to whether or not the appellants were liable to appellee for the amount sued for, for the reason that there is a conflict in the testimony offered by the appellant and appellee in the lower court on the issue of *nil debit*. If the jury believed from the testimony that Brooks & Myers purchased and received the bill of feedstuff from appellee, and thereby agreed and obligated themselves,

expressly or impliedly, to pay to appellee the sum of ninety-two dollars for same, then the verdict should have been for appellee. But if the jury believed from the testimony offered by the appellants that no purchase was made by appellants of the feedstuff from appellee, and that appellants purchased and received it from Turnage & Co., and that the sale was made by appellee to Turnage & Co., and appellants were to settle with Turnage & Co. for the feedstuff, then they should return a verdict for the appellants. If the jury believed the testimony of appellants, then no contractual obligation existed between appellant and appellee, either express or implied. The testimony in the case offered by both sides presents a conflict which should have been submitted to the jury.

The fact that the letter from Brooks & Meyers to appellee acknowledges the indebtedness of ninety-two dollars and promises to pay same is not conclusive against the appellants in this case; for the reason that if there was no liability on the part of appellants before this letter was written, there could be none afterwards, because of no consideration. While this letter is competent evidence, to be considered by the jury, tending to show that the appellants did purchase of, receive from, and were indebted to appellee in the amount sued for, yet it would not be conclusive as against the testimony of the appellants that they did not purchase or receive the bill of feedstuff from appellee, and were not indebted to appellee for it. This letter, in connection with the other testimony offered by the appellee in the lower court, would only be proof, subject to contradiction, that the appellants purchased and received the feedstuff, and thereby obligated themselves to pay appellee for it.

*Reversed and remanded.*